# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE WALLACE, | : |
| | : 4:09-cv-2156 |
| Plaintiff, | : |
| | : Hon. John E. Jones III |
| v. | : |
| | : Hon. Thomas M. Blewitt |
| ROLLING MEADOWS | : |
| PROSECUTORS and | : |
| ROLLING MEADOWS | : |
| ASSISTANT PUBLIC | : |
| DEFENDERS, | : |
| | : |
| Defendants. | : |

## MEMORANDUM

### December 7, 2009

### THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Thomas M. Blewitt (Doc. 6), filed on November 19, 2009, which recommends that this action be dismissed to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1404(a).

No objections to the R&R have been filed by any party.[1] For the reasons set forth below, the Court will adopt the R&R and this action will be transferred.

---

[1] Objections were due by December 4, 2009.

1

## I. STANDARD OF REVIEW

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Plaintiff Tyrone Wallace ("Plaintiff"), an inmate confined at the United States Penitentiary, Lewisburg, Pennsylvania, filed this *pro se* civil rights action on November 4, 2009. The action names the Rolling Meadows, Illinois Prosecutors and the Rolling Meadows Assistant Public Defenders as Defendants.

2

Magistrate Judge Blewitt recommends that this action be transferred to the Northern District of Illinois pursuant to 28 U.S.C. 1404(a), recognizing that all of the Defendants are located in that district and that the alleged conduct that gives rise to Plaintiff's claims occurred there. Moreover, as Magistrate Judge Blewitt correctly noted, this action could have properly been brought in that District.

As we have already mentioned, neither Plaintiff or Defendants have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety and transfer this action to the United States District Court for the Northern District of Illinois.[2] With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case sub judice. An appropriate Order shall issue.

---

[2] In light of the transfer we are ordering in this case, we shall not rule upon Plaintiff's pending Motion to Appoint Counsel (Doc.7). That motion shall be transferred with the case to the Northern District of Illinois.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE WALLACE, | CIVIL ACTION NO. **4:CV-09-2156** |
| Plaintiff | (Judge Jones) |
| v. | (Magistrate Judge Blewitt) |
| ROLLING MEADOWS PROSECUTORS and ROLLING MEADOWS ASSISTANT PUBLIC DEFENDERS, | |
| Defendants | |

### REPORT AND RECOMMENDATION

Plaintiff, Tyrone Wallace, an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, filed this civil rights action, *pro se*, on November 4, 2009 pursuant to 28 U.S.C. §1331. Plaintiff has also filed a Motion for Leave to Proceed *in forma pauperis* and an Authorization. (Docs. 2 and 3).

Plaintiff alleges that the Rolling Meadows, Illinois, Prosecutors "violated Tyrone Wallace civil rights, by conspiring against the rights of the accused legal malpractice, misconduct, deprivation of rights under color of law, deprivation of relief benefits, false, fictitious or fraudulent claims, fraud and major fraud against the United States." Plaintiff alleges that the Rolling Meadows Public Defenders "violated Tyrone Wallace 6th Amendment right by failing to object to prosecutor misconduct. Public Defenders force[d] Wallace to plea to a non-existing offense, the case was dismissed, and Wallace served time twice for the same offense. This also give rise to a double jeopardy violation." Plaintiff further alleges that "prosecutors violated Wallace 5th Amendment rights due process, by charging Wallace to unlawful restraint, without a police report, or complaint." (Doc. 1, pp. 3-4, Section IV, Statement of Claim).

Rolling Meadows, Illinois, is within the jurisdiction of the United States District Court for the Northern District of Illinois. The named Defendants are located in the Northern District of Illinois. Also, all of the events complained of and all of the records regarding Plaintiff's claims are located in the Northern District of Illinois.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a). 28 U.S.C. §1391(b) provides that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In *Hankins v. Beard*, 2008 WL 2950996, *10 (M.D. Pa.), the Court stated:

> It is well settled that a court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). The United States Supreme Court in *Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960) recognized that under § 1404(a), a civil action may be transferred by a district court to another district court where that action may have been brought by the plaintiff.

In the present case, the named Defendants are all located in the Northern District of Illinois. All of Plaintiff's claims arose in that District, and therefore, the action could have been brought there in the first instance. Venue is proper in the Northern District of Illinois. Accordingly, pursuant to §1404(a), the present action should be transferred to the United States District Court for the Northern District of Illinois for the convenience of the parties and in the interests of justice. *See Hankins v. Beard, supra.*

2

Based on the foregoing, it is respectfully recommended that the action be transferred to the United States District Court for the Northern District of Illinois. It is further recommended that the disposition of the Plaintiff's Motion to proceed *in forma pauperis* be left to the transferee court's discretion.

                                                s/ Thomas M. Blewitt

                                                **THOMAS M. BLEWITT**

                                                **United States Magistrate Judge**

Dated: November 16, 2009

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TYRONE WALLACE, | CIVIL ACTION NO. **4:CV-09-2156** |
| Plaintiff | (Judge Jones) |
| v. | (Magistrate Judge Blewitt) |
| ROLLING MEADOWS PROSECUTORS and ROLLING MEADOWS ASSISTANT PUBLIC DEFENDERS, | |
| Defendants | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **November 16, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

4

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              s/ Thomas M. Blewitt
                                              **THOMAS M. BLEWITT**
                                              **United States Magistrate Judge**

Dated: November 16, 2009